**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1181
_____

DANIEL JOSEPH TEED,
                            Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01568)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2023
Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed July 17, 2023)
_____

OPINION*
_____

PER CURIAM

    Appellant Daniel Teed, an inmate at FCI Allenwood-Low located in White Deer,

Pennsylvania, appeals from the District Court's denial of his habeas corpus petition under

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

28 U.S.C. § 2241. For the reasons that follow, we will affirm the District Court's judgment.

Teed pleaded guilty to conspiring to commit sex trafficking of a minor (18 U.S.C. § 1594(c)), and, in October 2017, the District Court sentenced him to 120 months in prison with 20 years of supervised release. Teed did not self-surrender as agreed, so after he was caught he was charged with failure to surrender for service (18 U.S.C. § 3146) and failure to register as a sex offender (18 U.S.C. § 2250). He again pleaded guilty, and the District Court imposed 18 months on each of those offenses, to be served concurrently with one another but consecutive to the 120-months imposed on the § 1594(c) conviction. Pursuant to 18 U.S.C. § 3584(c), the Bureau of Prisons (BOP) aggregated his three sentences together for a total term of 138 months in prison. In 2019, the BOP determined that he did not qualify for First Step Act (FSA) time credits because his conviction for failing to register as a sex offender rendered him ineligible under 18 U.S.C. § 3632(d)(4)(D)(xxxviii).

In 2022, Teed filed a habeas petition under 28 U.S.C. § 2241 challenging this determination. He claimed that he is eligible under the statute, that the BOP's interpretation was unreasonable, and that the exclusions under § 3632(d)(4)(b)(i)-(lxvi) are unconstitutional. ECF No. 1 at 6-7. After the Government answered and opposed the petition, the District Court denied it. Teed submitted a reply document and a motion for reconsideration. In response, the District Court vacated its previous order and entered a new memorandum and order denying the petition and Teed's motion for reconsideration.

2

See Dist. Ct. Memorandum (ECF No. 17) and Order (ECF No. 18) entered February 3, 2023. This timely notice of appeal followed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a § 2241 habeas petition de novo, see Cradle v. United States ex rel. Miner, 290, F.3d 536, 538 (3d Cir. 2002) (per curiam), and the denial of the motion for reconsideration under an abuse of discretion standard, see Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Under the FSA, certain inmates may earn time credits to be applied toward pre-release custody or early transfer to supervised release. See generally 18 U.S.C. § 3632. The statutory framework delineates ineligible inmates, including "if the prisoner is serving a sentence for" a conviction under Section 2550 for failing to register as a sex offender. § 3632(d)(4)(D)(xxxviii). Teed admits that he has been convicted for failing to register as a sex offender as referenced in that subsection, but argues that he is not presently "serving a sentence for" that offense. He argues that the District Court ran the 18-month sentence for the failure-to-register conviction (the disqualifying offense) consecutive to the 120-month sentence for conspiracy to commit sex trafficking of a minor (which is not disqualifying), and he has not yet finished serving his sentence on that conviction.

We disagree with Teed's argument. Before reaching the conclusion that he was ineligible, the BOP aggregated his sentence pursuant to § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be

3

treated for administrative purposes as a single, aggregate term of imprisonment."
Calculation of an inmate's term of imprisonment is widely recognized as an
"administrative purpose" well within the BOP's responsibilities as charged by Congress.
See generally United States v. Martin, 974 F. 3d 124, 136 (2d Cir. 2020) (citing United
States v. Wilson, 503 U.S. 329, 333-35 (1992) ("After a district court sentences a federal
offender, the Attorney General, through the BOP, has the responsibility for administering
the sentence.") (emphasis omitted)).  Accordingly, here, we view BOP's aggregation of
Teed's sentence and FSA ineligibility designation to be proper.

We will therefore affirm the judgment of the District Court.